IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MONICA REYES, AS NEXT FRIEND
OF E.M.,
           Plaintiff,

-vs-

MANOR INDEPENDENT SCHOOL
DISTRICT,
           Defendant.

CAUSE NO.:
A-14-CA-00469-SS

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff E.M.'s Motion for Reconsideration [#44] and Defendant Manor Independent School District's Response [#45] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

## Background

The facts of this case are set forth in greater detail in the Order entered on February 2, 2016, but a brief recitation follows. This case involves a claim under the Individuals with Disabilities Education Improvement Act (IDEA). Plaintiff E.M., by and through his mother and next friend Monica Reyes, sued the Manor Independent School District for allegedly denying him a free appropriate public education (FAPE).

E.M. had a history of exhibiting maladaptive and self-injurious behaviors before transferring to the District in August 2010. These behaviors continued at the District. The Admission, Review, and Dismissal Committee (ARDC)—composed of a school district representative, a teacher, and E.M.'s parent—sought to design an individualized education

program (IEP) to address E.M.'s self-injurious behaviors and improve E.M.'s self-management skills. Because E.M. continued to exhibit the same maladaptive behaviors in the spring of 2012, the District employed a Board Certified Behavior Analyst (BCBA) to teach staff members alternative strategies for deescalating E.M.'s aggressive behaviors. The ARDC met twice that spring to discuss E.M.'s IEP. By May, however, E.M. had decided to transfer to a neighboring district, where he would attend a specialized school for severely impaired students.

On February 14, 2013, E.M. requested a due process hearing before the Texas Education Agency. On February 19, 2014, the Special Education Hearing Officer (SEHO) concluded the District had not denied E.M. a FAPE during the applicable limitations period. On May 20, 2014, E.M. filed the present lawsuit, alleging a myriad of procedural and substantive violations of the IDEA, including failing to provide appropriate educational services to meet E.M.'s individualized needs. The District moved for judgment on the administrative record, while E.M. moved for summary judgment. In its Order entered on February 2, 2016, the Court granted the District's motion for judgment on the administrative record and denied E.M.'s motion for summary judgment. E.M. now seeks an order of reconsideration.

## Analysis

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e),[1] E.M. moves for reconsideration of the Court's Order granting the District's motion on the administrative record. Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking

---

[1] The Court construes E.M.'s motion for reconsideration as a Rule 59(e) motion, because it was filed within twenty-eight days of the Court's Judgment. When a motion is filed within twenty-eight days of the judgment of which the party complains, the motion is treated as a Rule 59(e) motion. *See* FED. R. CIV. P. 59(e) (permitting a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment"); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004) (stating this same rule but applying the ten-day period set forth in Rule 59(e) prior to its amendment in 2009).

the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly-discovered evidence. *Id.* Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-cv-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005). Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Id.*

## II.   Application

In his motion for reconsideration, E.M. asserts the following three contentions:

(1) The Court's failure to toll the statute of limitations pursuant to § 16.001 of the Texas Civil Practice and Remedies Code violates the "open courts" provision of the Texas Constitution;

(2) The Court should reconsider its holding that any procedural violation of E.M.'s IDEA rights did not deny him a FAPE; and

(3) The Court should reconsider its holding that E.M. failed to properly exhaust his administrative remedies as to his § 504 claim.

First, E.M. asks this Court to hold § 89.1151 of the Texas Administrative Code unconstitutional, because it violates the Texas Constitution's "open courts" guarantee.[1] *See* 19 TEX. ADMIN. CODE § 89.1151(c) (providing for two exceptions to the one-year limitations

---

[1] E.M. had ample opportunity to make this argument prior to entry of the final judgment. The Court is not obliged to consider arguments that could have been offered before entry of a judgment but were not. Nevertheless, "[f]or the record," the Court will address the obvious flaw in E.M.'s argument. *See* Mot. Reconsider [#44] at 3 n.1.

period). The Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. 1, § 13. To find a violation of this "open courts" provision, Texas courts look to whether (1) the litigant has an established common-law cause of action, and (2) the restriction on the litigant's cause of action is unreasonable compared to the purpose of the challenged statute. *See Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983).

According to E.M., § 89.1151 is unconstitutional because it makes his remedy contingent on an impossible condition, namely, E.M.'s ability as a mentally incompetent adult student without a guardian to file a lawsuit within the one-year statute of limitations. However, because E.M. has not asserted a "common law cause of action," but instead alleges a myriad of federal statutory violations, E.M. cannot meet the first element of the test set forth in *Sax*. As a result, the "open courts" provision does not apply. *See, e.g., Pedraza v. Tibbs*, 826 S.W.2d 695, 697 (Tex. App.—Houston [1st Dist.] 1991, writ dism'd w.o.j.) (holding the plaintiff failed to satisfy the first element of the *Sax* test, because the plaintiff asserted only a statutory cause of action and no common law cause of action); *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 525 (Tex. App.—Austin 2010, no pet.) (concluding the plaintiff failed to allege any open courts violation because it had not pled a well-established common-law right); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990) (explaining a plaintiff must first plead a well-established common-law cause of action, because if a right is "created by the legislature, any legislative abrogation of the cause of action would not be a true abrogation of a constitutional right. Rather, the legislature would simply not have granted as extensive a right as it might have.").

Second, E.M. asks this Court to reconsider its holding that any procedural violation did not result in a denial of a FAPE, claiming the Court's "finding" that E.M.'s parent was a de facto guardian is in error. E.M. mischaracterizes the Court's Order and in doing so misses the proverbial forest for the trees. The basis of the Court's holding was its consideration of the two procedural issues raised in E.M.'s pleadings: (1) the District's categorical exclusion of E.M. from the ARDC meetings, and (2) the District's failure to notify E.M. his IDEA rights transferred to him when he reached the age of majority. E.M. clings to the Court's statement in dicta that E.M.'s parent acted as his "de facto guardian." Unfortunately for E.M., he is grasping at straws.

The Court first held the District's exclusion of E.M. from the ARDC meetings did not deny E.M. a FAPE. Section 1414(d)(1)(B) explicitly states a student should be included in the ARDC "whenever appropriate." 20 U.S.C. § 1414(d)(1)(B)(vii). Given E.M.'s admission that "[i]t is undisputed. . . [E.M.] did not possess the mental capacity to assert his IDEA rights," E.M.'s inclusion in the ARDC meeting would not have been appropriate.

The Court then addressed the District's failure to notify E.M. his IDEA rights transferred to him when he reached the age of majority. The Court concluded this alleged violation fell outside of the applicable statute of limitations, but briefly considered the merits of the argument in the alternative, suggesting in dicta that E.M.'s parent represented his interests at the ARDC meetings as a "de facto guardian." Order of Feb. 2, 2016 [#42] at 12–13. E.M. mischaracterizes the Court's dicta as creating the legal fiction of a "de facto guardian," Mot. Reconsider [#44] at 11, and insists the District denied him a FAPE by failing "to have a representative for E.M. that held legal rights under the IDEA at all the ARD committee meetings." *Id.* at 13. Not only does E.M.'s argument reflect a fundamental misunderstanding of the statutorily required members of

the ARDC, *see* 20 U.S.C. § 1414(d)(1)(B), at bottom, it is nothing more than a repackaged version of the same argument E.M. advances for extending the statute of limitations. Although the Court recognizes the challenges of E.M.'s unique situation, a district court is not the proper venue to lobby for a new exception to the statute of limitations. Nor is it the proper venue to request the State of Texas to establish procedures for appointing a parent to represent a child who has not been determined incompetent but is incapable of providing informed consent. Ultimately, the action E.M. complains of—the District's failure to notify E.M. that his IDEA rights transferred—occurred outside the limitations period, and therefore cannot serve as the basis for finding the District denied E.M. a FAPE.

Finally, E.M. challenges the Court's finding he failed to exhaust his administrative remedies as to his § 504 claim. As an initial matter, E.M. has not challenged the Court's threshold finding that his § 504 claim mirrored his claims under the IDEA and therefore was subject to the exhaustion requirement under 20 U.S.C. § 1415(l).[2] The exhaustion requirement allows "states and local agencies to employ their educational expertise, affords full exploration of technical educational issues, furthers development of a complete factual record and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hope v. Cortines*, 872 F. Supp. 14, 17 (E.D.N.Y. 1995). To prove exhaustion, a plaintiff must do more than cursorily assert a statutory violation in

---

[2] Although E.M. has not challenged this finding, the Court notes E.M. pled scant facts arising during the limitations period to support his § 504 claim. Moreover, the Court construed those that were pled as overlapping with E.M.'s claims under the IDEA, because in considering E.M.'s claims under the IDEA, the SEHO addressed each fact upon which E.M.'s § 504 claim rests. For instance, E.M. argued the District engaged in excessive restraints to establish a violation of § 504 *and* to show E.M. was denied a FAPE because he was not educated in the least restrictive environment. Even though E.M. sought compensatory damages under the IDEA and monetary damages under § 504, "the theory behind the grievance may activate the IDEA's process, even if the plaintiff wants a form of relief that the IDEA does not supply." *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*, 98 F.3d 989, 992 (7th Cir. 1996). Because E.M.'s claim under § 504 concerns the "identification, evaluation, or educational placement of the child, or the provision of free appropriate public education," 20 U.S.C. § 1415(b)(1), it was properly held to § 1415(l)' s exhaustion requirement.

his original complaint. Rather, the SEHO must have made "findings and [a] decision" to satisfy the exhaustion requirement. *See* 20 U.S.C. § 1415(g); *see also Houston v. Encinitas Union Sch. Dist.*, No. 00cv2475, 2008 WL 2220414, at *3 (S.D. Cal. May 27, 2008) (concluding the plaintiffs had not exhausted their administrative remedies because the SEHO explicitly stated he would make a final decision at a later date). E.M. provided the Court with no evidence that he pursued his § 504 claim beyond his original complaint. *See* AR I at 61. Indeed, conspicuously missing from E.M.'s requested relief in the SEHO's prehearing order is any request for relief or monetary damages under § 504. E.M. cannot sidestep the exhaustion requirement simply because the District erroneously objected to the inclusion of E.M.'s § 504 claim and E.M. responded by abandoning his claim. Before seeking judicial review, E.M. had the burden to ensure his claims were fully exhausted in the administrative hearing, or in the alternative, demonstrate to this Court that exhaustion would have been futile or inadequate. *See Honig v. Doe*, 484 U.S. 305, 327 (1988). No such showing was made in this case.

Because E.M. failed to exhaust his administrative remedies, his § 504 claim is not a justiciable controversy. *See Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992) ("[A] complaint based on § 1415(b)(1)(E) is not a justiciable controversy until the plaintiff has exhausted his administrative remedies or proved that exhaustion would be futile or inadequate.").

## Conclusion

Reconsideration after entry of a judgment is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. Unfortunately for E.M., it is not the proper vehicle for rehashing previously rejected legal arguments. Because E.M. has provided the Court with no

7

evidence of a manifest error of law or fact, an inadvertent clerical error, or newly-discovered evidence, relief under Rule 59(e) is not warranted.

Accordingly,

IT IS ORDERED that Plaintiff E.M.'s Motion for Reconsideration [#44] is DENIED.

SIGNED this the 19th day of April 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE